IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK D. McCULLAUGH, et al., | : | CASE NO. 5:07CV 2341 |
| | : | |
| Plaintiffs, | : | JUDGE ADAMS |
| | : | |
| v. | : | MAG. JUDGE GALLAS |
| | : | |
| OFFICE OF COUNTY EXECUTIVE | : | **PLAINTIFFS' FIRST AMENDED** |
| SUMMIT COUNTY, et al., | : | **COMPLAINT** |
| | : | |
| Defendants. | : | |
| | : | **(Jury Demand Endorsed Hereon)** |
| -and- | : | |
| | : | |
| BRETT HADLEY, Sergeant | : | |
| Summit County Sheriff's Office | : | |
| 53 University Ave | : | |
| Akron, OH  44308-1608 | : | |
| | : | |
| -and- | : | |
| | : | |
| DOMINIC MARTUCCI, Deputy | : | |
| Summit County Sheriff's Office | : | |
| 53 University Ave | : | |
| Akron, OH  44308-1608 | : | |
| | : | |
| -and- | : | |
| | : | |
| COMMUNITY SUPPORT SERVICES, | : | |
| INC. | : | |
| c/o Its Statutory Agent, | : | |
| Terrence B. Dalton | : | |
| 150 Cross St | : | |
| Akron, OH  44311 | : | |
| | : | |
| -and- | : | |

|  |  |
|---|---|
| SUMMIT COUNTY ALCOHOL, DRUG ADDICTION AND MENTAL HEALTH SERVICES BOARD 100 W. Cedar St., #300 Akron, OH 44307-2502 | : : : : : : : : |
| New Party Defendants. | : |

Leave of Court being first duly obtained, plaintiffs hereby Amend their Complaint has follows:

### JURISDICTION

1. The jurisdiction of this Court of the within pleaded matter is invoked pursuant to 28 U.S.C. §1983 and §1988 upon the allegations that defendants and new party defendants had violated the plaintiffs' decedent's rights granted by the United States Constitution as applied to the State of Ohio through the Fourth, Eighth and Fourteenth Amendments. Pendant jurisdiction over state claims is also invoked.

### VENUE

2. This Court is the proper venue under 28 U.S.C. §1391(b), this being the District in which the events giving rise to the plaintiffs' claims occurred with jurisdiction granted pursuant to 28 U.S.C. §1331 and §1343 in addition to the aforementioned statutory and constitutional provisions.

### PARTIES

3. Mark David McCullaugh, Jr., deceased, was the son of Mark D. McCullaugh, Sr. and Jennifer L. Fox, Co-Administrators of the Estate of Mark David McCullaugh, Jr. Mark D. McCullaugh, Jr. was 28 years old when the facts giving rise to the within allegations occurred.

4. Defendants, Stephen Krendick, Jason Gardner, James Hipp, Christopher Kline, Mark Mayer, Katherine Phillips, Raymond Clark, Joshua Griffin, Brice Lesnanski, Keith Murray, David

Kiser, John Burley and Brian Polinger and new party defendants, Brett Hadley and Dominic Martucci, were and at all times relevant hereto, employed in the Sheriff's Department and/or jail for Summit County and are being sued individually and in their official capacity.

5. Defendant, Summit County, is a political division of the State of Ohio with various public entities under its direction, including the Summit County Jail and the Summit County Sheriff's Department which, at all times relevant hereto, employed the individually named defendants as Deputy Sheriffs and/or Correctional Officers.

6. Defendant, Gregory Peterson, M.D., is and at all times relevant hereto, was an employee, agent and/or acting on behalf of defendants, Summit County, Akron General Partners, Inc., Psycho-Diagnostic Clinic and/or John Doe, Inc. and/or new party defendants, Community Support Services, Inc. and Summit County Alcohol, Drug Addiction and Mental Health Services Board, provided medical care and treatment to plaintiffs' decedent.

7. Defendants, Denise Walsh, LPN, Kimberly Mae Croyle, R.N. and Erika L. Pagan, LSW are and at all times relevant hereto, were employees, agents and/or acting on behalf of defendants, Summit County, Akron General Partners, Inc., Psycho-Diagnostic Clinic and/or John Doe, Inc. and new party defendants, Community Support Services, Inc. and Summit County Alcohol, Drug Addiction and Mental Health Services Board, provided nursing care, counseling, evaluations and/or treatment to plaintiffs' decedent.

8. Defendant, Akron General Partners, Inc., is and at all times relevant hereto was a corporation and/or entity which provided administrative oversight services to Summit County at its medical clinic at the Summit County Jail and provided staff to deliver health care on behalf of inmates. Said defendant employed, oversaw, directed and/or supervised the medical care and treatment afforded

to inmates at Summit County Jail including plaintiffs' decedent.

9. Defendant, Naphcare, Inc., is and at all times relevant hereto was a corporation and/or entity which provided jail health services and staff to inmates at the Summit County Jail. Said defendant employed, oversaw, directed and/or supervised the medical care and treatment afforded to inmates at Summit County Jail including plaintiffs' decedent.

10. Defendant, Psycho-Diagnostic Clinic, is and at all times relevant hereto was a corporation and/or entity which provided forensic evaluations and consultative services on behalf of inmates at the Summit County Jail. Said defendant employed, oversaw, directed and/or supervised the medical care and treatment afforded to inmates at Summit County Jail including plaintiffs' decedent.

11. New party defendants, Community Support Services, Inc. and Summit County Alcohol, Drug Addiction and Mental Health Services Board, are and at all times relevant hereto were corporations and/or entities which provided forensic evaluations and consultative services on behalf of inmates at the Summit County Jail. Said new party defendants employed, oversaw, directed and/or supervised the medical care and treatment afforded to inmates at Summit County Jail including plaintiffs' decedent.

12. The defendants, John Does, are and were various unknown officers of the Summit County Sheriff's Office who participate in the culpable conduct described herein. The name and address of said defendants have not yet been ascertained despite diligent efforts by counsel.

13. The defendants, John Doe, Inc., are and were corporations and/or entities which employed, supervised and/or directed the conduct of medical and nursing personnel responsible for the medical care and treatment of the plaintiffs' decedent. The name and address of said defendants have not been ascertained despite diligent efforts by counsel.

14. The defendants, John Roes, are and were various unknown nursing and/or medical personnel who provided substandard medical care and treatment to plaintiffs' decedent. The name and address of said defendants have not been ascertained despite diligent efforts by counsel.

15. At all times relevant hereto and in all their actions described herein, defendants and new party defendants were acting under color of law pursuant to their official authority.

16. At all times relevant hereto, defendants and new party defendants acted individually as well as jointly and in concert with each other committing the unlawful and/or culpable acts described herein. Furthermore, each defendant and new party defendants had the duty and opportunity to protect plaintiffs' decedent from the unlawful and/or culpable actions of the other defendants and new party defendants, but each defendant and new party defendants failed and/or refused to perform such duty, thereby proximately causing plaintiffs' decedent's injuries and ultimately his death.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. On or about August 7, 2006, plaintiffs' decedent was arrested by Akron Police while behaving in a delusional and disoriented condition. At that time, he was placed in the custody of and under the medical care and supervision of the defendants and new party defendants. For the ensuing two weeks, plaintiffs' decedent received care for his mental illness which fell beneath the accepted standard of care. Moreover, on August 20, 2006, plaintiffs' decedent was observed in his cell in an agitated condition bleeding from a previous lacerated wrist. The defendants and new party defendants formulated a plan to control plaintiffs' decedent with the use of an extraction team, 4-point restraints and injections of Geodon and Ativan.

18. Between the hours of 5:30 p.m. and 7:05 p.m. on August 20, 2006, the defendants and new party defendants caused plaintiffs' decedent to undergo and endure physical beatings, 4 taser

shocks, pepper spray, leg shackles, bilateral handcuffs behind his back and injections of Geodon and Ativan.

19. At 7:05 p.m., plaintiffs' decedent was found in his cell in cardiopulmonary arrest. CPR was commenced, emergency medical service was called and transported plaintiffs' decedent to Akron General Medical Center where he was pronounced dead.

## FIRST CLAIM FOR RELIEF
## CIVIL RIGHTS CLAIM - EXCESSIVE FORCE

20. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 19, as if those allegations were fully rewritten herein.

21. The actions of the defendants and new party defendants constitute an unjustified and excessive use of force which deprived plaintiffs' decedent of his civil rights as secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. §1983.

22. As a direct and proximate cause of defendants' and new party defendants' actions and omissions, plaintiffs' decedent sustained damages and suffered extreme physical and emotional pain and suffering which led to his death.

## SECOND CLAIM FOR RELIEF
## STATE CLAIM - WILFUL, WANTON AND RECKLESS CONDUCT

23. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 22, as if those allegations were fully rewritten herein.

24. Defendants and new party defendants failed to exercise due care and acted in a wilful, wanton and reckless manner while engaged in their functions as correctional officers, medical staff and social work staff which culminated in the death of plaintiffs' decedent.

25. Such reckless, wanton, and wilful conduct proximately caused the decedent's severe

debilitating and permanent injuries as well as the physical pain and suffering which ultimately resulted in his death.

### THIRD CLAIM FOR RELIEF
### STATE CLAIM - ASSAULT AND BATTERY

26. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 25, as if those allegations were fully rewritten herein.

27. Defendants' and new party defendants' wilful, intentional and unjustified use of excessive force against plaintiffs' decedent constitutes an assault and battery in violation of Ohio law.

28. Defendants' and new party defendants' intentional misconduct was a direct and proximate result of plaintiffs' decedent's injuries, death and damages as set forth hereinbefore.

### FOURTH CLAIM FOR RELIEF
### CIVIL RIGHTS CLAIM - SUMMIT COUNTY

29. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 28, as if those allegations were fully rewritten herein.

30. The actions of defendant, Summit County, and its employees, agents and representatives resulted from and were taken pursuant to the unlawful and unconstitutional policy of Summit County which fails to adequately hire, train, supervise, and discipline its correctional officers in regard to the use of excessive force in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. §1983.

31. As a direct and proximate result of defendant, Summit County's actions and omissions, plaintiffs' decedent sustained damages, injuries, suffered extreme physical pain and emotional suffering which led to his death.

**FIFTH CLAIM FOR RELIEF**
**STATE NEGLIGENCE CLAIMS - NAPHCARE, INC., AKRON GENERAL PARTNERS, PSYCHO-DIAGNOSTIC CLINIC, INC., COMMUNITY SUPPORT SERVICES, INC., SUMMIT COUNTY ALCOHOL, DRUG ADDICTION AND MENTAL HEALTH SERVICES BOARD, GREGORY PETERSON, M.D., DENISE WALSH, LPN, KIMBERLY MAE CROYLE, RN, ERIKA L. PAGAN, LSW, JOHN ROES AND JOHN DOE, INC.**

32.     Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 31, as if those allegations were fully rewritten herein.

33.     Defendants, Naphcare, Inc., Akron General Partners, Psycho-Diagnostic Clinic, Inc., Gregory Peterson, M.D., Denise Walsh, LPN, Kimberly Mae Croyle, RN, Erika L. Pagan, LSW, John Roes and John, Doe, Inc. and new party defendants, Community Support Services, Inc. and Summit County Alcohol, Drug Addiction and Mental Health Services Board, were negligent by failing to exercise due care and/or acted in a reckless and wanton manner while engaged in their medical functions and activities which culminated in the injuries and wrongful death of plaintiffs' decedent.

34.     Such negligence and/or reckless, wanton and wilful conduct proximately caused plaintiffs' decedent's severe and debilitating injuries.

**SIXTH CLAIM FOR RELIEF**
**WRONGFUL DEATH ACTION**

35.     Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 33, as if those allegations were fully rewritten herein and further state that they bring this wrongful death action under O.R.C. §2125 for the exclusive benefit of the next-of-kin of plaintiffs' decedent.

36.     At all times material hereto, defendants, Naphcare, Inc., Akron General Partners, Psycho-Diagnostic Clinic, Inc., John, Doe, Inc., Summit County and new party defendants, Community Support Services, Inc. and Summit County Alcohol, Drug Addiction and Mental Health Services Board,

were corporations and/or business entities and/or political subdivisions organized and existing under and by virtue of the laws of the State of Ohio and authorized to do business in the State of Ohio and were doing business in the State of Ohio and employed, directed and/or supervised defendants, Gregory Peterson, M.D., Denise Walsh, LPN, Kimberly Mae Croyle, RN, Erika L. Pagan, LSW and/or John Roes in connection with their treatment of plaintiffs' decedent.

37. Defendants, Gregory Peterson, M.D., Denise Walsh, LPN, Kimberly Mae Croyle, RN, Erika L. Pagan, LSW and/or John Roes, rendered care and treatment to plaintiffs' decedent as independent contractors and/or as employees, agents and/or representatives of defendants, Naphcare, Inc., Akron General Partners, Psycho-Diagnostic Clinic, Inc., John, Doe, Inc., Summit County and new party defendants. Community Support Services, Inc. and Summit County Alcohol, Drug Addiction and Mental Health Services Board.

38. Defendants, Summit County, Stephen Krendick, Jason Gardner, James Hipp, Christopher Kline, Mark Mayer, Katherine Phillips, Raymond Clark, Joshua Griffin, Brice Lesnanski, Keith Murray, David Kiser, John Burley and Brian Polinger and new party defendants, Brett Hadley and Dominic Martucci, engaged in unlawful conduct against plaintiffs' decedent, as described hereinbefore, which resulted in his injuries and death.

39. The defendants, John Roes and/or John Doe, Inc., were persons and/or entities employing persons who provided substandard of medical care and treatment to decedent which resulted in his injuries and death. The name and address of said defendants have not yet been ascertained despite diligent efforts by counsel.

40. The decedent, Mark David McCullaugh, Jr., was a patient receiving medical care and treatment from defendants and new party defendants between August 7, 2006 and August 20, 2006.

41. While under the care and supervision of said corporations and/or physicians and nurses, the defendants and new party defendants, individually and/or jointly, and/or through their agents and/or employees, negligently failed to provide decedent with competent, safe and acceptable medical care and treatment.

42. As a direct and proximate result of the wrongful death of the defendants and new party defendants, individually and/or jointly, and/or through their agents and/or employees, decedent, Mark David McCullaugh, Jr., suffered serious injuries and subsequently died on August 20, 2006.

43. Funeral and burial expenses have been incurred as a result of plaintiffs' decedent's untimely death.

44. Medical and other related expenses in an amount which will be definitely ascertained at the time of trial, have been incurred as a result of defendants' and new party defendants' negligent care and treatment of plaintiffs' decedent.

45. As a consequence of the wrongful death of plaintiffs' decedent, Mark David McCullaugh, Jr., as alleged in the aforementioned Federal and State claims, the next-of-kin have suffered, among other things, mental anguish and such other damages as are enumerated under O.R.C. §2125 as will be established at trial.

### SEVENTH CLAIM FOR RELIEF
### SURVIVORSHIP ACTION

46. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 45, as if those allegations were fully rewritten herein.

47. Plaintiffs further claim that as a direct and proximate result of the wrongful conduct of the defendants and new party defendants as alleged hereinbefore, individually and/or jointly, and/or by

and through their agents and/or employees, plaintiffs' decedent was caused to suffer mental anguish and conscious physical pain and suffering prior to his death, for which compensation is sought.

48. The plaintiffs bring this survivor action pursuant to O.R.C. §2305.21.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against the defendants and new party defendants, jointly and/or severally, individually and/or collectively, for:

A. Compensatory damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) to be determined at trial for the violation of plaintiffs' decedent's rights and the severe and debilitating physical injuries and wrongful death.;

B. Punitive damages in an amount to be determined at trial for the wilful and malicious conduct of the defendants and new party defendants;

C. Attorneys' fees and the costs of this action; and

D. All other relief which this Honorable Court deems equitable and just.

RESPECTFULLY SUBMITTED,

ss/ Terry H. Gilbert
Terry H. Gilbert, Esq. (0021948)
1370 Ontario Street, Suite 1700
Cleveland, OH  44113
Tel: (216)241-1430; Fax: (216)621-0427
Email: Tgilbert@f-glaw.com

ss/ David M. Paris
David M. Paris, Esq. (0001358)
NURENBERG, PARIS, HELLER &
McCARTHY CO., L.P.A.
1370 Ontario Street, Suite 100
Cleveland, OH  44113
Tel: (216) 621-2300; Fax: (216) 771-2242
Email: Dparis@nphm.com

Attorneys for Plaintiffs

**JURY TRIAL DEMAND**

A Trial By Jury is Hereby Requested in the within cause of action.


| ss/ Terry H. Gilbert | ss/ David M. Paris |
|---|---|
| Terry H. Gilbert, Esq. (0021948) | David M. Paris, Esq. (0001358) |
| 1370 Ontario Street, Suite 1700 | NURENBERG, PARIS, HELLER & |
| Cleveland, OH  44113 | McCARTHY CO., L.P.A. |
| Tel: (216)241-1430; Fax: (216)621-0427 | 1370 Ontario Street, Suite 100 |
| Email: Tgilbert@f-glaw.com | Cleveland, OH  44113 |
| | Tel: (216) 621-2300; Fax: (216) 771-2242 |
| | Email: Dparis@nphm.com |

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2007, the foregoing Plaintiffs' First Amended Complaint filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


| /s/ Terry H. Gilbert | /s/ David M. Paris |
|---|---|
| Terry H. Gilbert, Esq. (0021948) | David M. Paris, Esq. (0001358) |

Attorneys for Plaintiffs